## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DSM DESOTECH INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 3D SYSTEMS CORPORATION and ) <br> 3D SYSTEMS, INC., ) <br> ) <br> Defendants. ) | Civil Case No. 08-C-1531 <br><br> Judge Joan H. Lefkow |

### DEFENDANTS' PARTIAL ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant 3D Systems Corporation ("3D Delaware") and Defendant/Counterclaim Plaintiff 3D Systems, Inc. ("3D California"), by and through their attorneys, as for their partial answer to the Amended Complaint of Plaintiff DSM Desotech Inc. ("Desotech") as it relates to Desotech's patent infringement claim (Count VIII), and for 3D California's Counterclaim against Desotech, hereby allege and aver as follows:

### ANSWER TO AMENDED COMPLAINT

### NATURE OF THE ACTION

**Amended Complaint:**

1.  This case arises out of 3DS's unlawful and anticompetitive conduct in the market for large-frame Stereolithography ("SL") machines and in the separate market for resins used in those machines as well as its willful infringement, inducement of infringement, and contributory infringement of two of Desotech's patents related to 3DS's SL equipment, including its largeframe SL machines.

**Answer:**

    1.    As to the portion of Paragraph 1 of the Amended Complaint related to Desotech's claim for patent infringement, 3D Delaware and 3D California deny the allegations thereof.

**Amended Complaint:**

    11.    In addition to the anticompetitive conduct described above, 3DS infringes Desotech's SL equipment patents covering the recoating technology used in 3DS's SL equipment, including 3DS's large-frame SL machines.

**Answer:**

    11.    As to the portion of Paragraph 11 of the Amended Complaint related to Desotech's claim for patent infringement, 3D Delaware and 3D California deny the allegations thereof.

**Amended Complaint:**

    12.    As detailed below, 3DS's SL machines are used to create solid three-dimensional products from liquid plastic resin. 3DS's SL machines use a vat of liquid resin in which a moving platform is positioned. The three-dimensional products are formed on the moving platform by a series of sequential steps. The moving platform is positioned below the surface of the liquid resin in the vat. A moving blade system containing a reservoir of the liquid resin then passes above the platform applying resin as necessary to maintain a uniform surface of resin in the vat above the platform. Then, laser light is applied to the surface of the liquid resin at preselected points causing the resin at those points to solidify. The moving platform is lowered such that the newly solidified resin is now below the surface of the liquid resin in the vat. The blade system again passes over the platform providing a uniform liquid resin surface and the process thereafter continues sequentially through these steps until the product is completed. Once formation of the product is completed, the moving platform raises above the surface of the liquid resin remaining in the vat and the completed product can be removed from the platform. 3DS has manufactured and sold a number of SL machines that operate in this manner that infringe patents owned by Desotech with full knowledge of the asserted Desotech patents.

**Answer:**

    12.    3D Delaware and 3D California admit that certain of 3D California's machines are used to create three-dimensional products from resins. 3D Delaware and 3D California admit that certain of 3D California's machines use a vat of liquid resin in which a moving platform is located. 3D Delaware and 3D California admit that in such machines, three-dimensional

products can be formed on the moving platform by a series of steps.  3D Delaware and 3D California admit that in such machines, the moving platform can be positioned below the surface of the liquid resin in the vat.  3D Delaware and 3D California admit that in certain of 3D California's machines, a recoater is employed which passes above the platform and previously formed layers of resin.  3D Delaware and 3D California admit that in certain of 3D California's machines, laser light is applied to the surface of the resin causing the resin to solidify in areas where the light is applied.  3D Delaware and 3D California admit that in certain of 3D California's machines, the moving platform is lowered such that newly solidified resin layers are formed on top of previously formed layers.  3D Delaware and 3D California admit that in certain of 3D California's machines, a recoater passes over the platform and previously formed layers of resin and the process thereafter may continue sequentially until the product is completed.  3D Delaware and 3D California admit that in certain of 3D California's machines, once formation of a product is completed, the moving platform may be raised and the completed product can be removed from the platform.  3D Delaware and 3D California deny all remaining allegations of contained in Paragraph 12 of the Amended Complaint.

## THE PARTIES

**Amended Complaint:**

13.     Desotech is a Delaware corporation with a principal place of business at 1122 St. Charles Street, Elgin, Illinois, 60120.

**Answer:**

13.     3D Delaware and 3D California lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint, and therefore deny such allegations.

**Amended Complaint:**

14.   3D Systems Corporation is a Delaware corporation with a principal place of business at 333 Three D Systems Circle, Rock Hill, South Carolina, 29730. 3D Systems, Inc. is a California corporation with a principal place of business at 333 Three D Systems Circle, Rock Hill, South Carolina, 29730. 3D Systems Corporation, through its subsidiaries, wholly owns 3D Systems, Inc. In the United States, 3D Systems Corporation operates through 3D Systems, Inc. Both 3D Systems Corporation and 3D Systems, Inc. participate in the actions alleged in this Amended Complaint.  Unless otherwise indicated, 3D Systems Corporation and 3D Systems, Inc. are referred to herein collectively as "3DS," as noted in the opening paragraph of this Amended Complaint.

**Answer:**

14.   3D Delaware and 3D California admit that: 3D Systems Corporation is a Delaware corporation with a principal place of business at 333 Three D Systems Circle, Rock Hill, South Carolina, 29730; that 3D Systems, Inc. is a California corporation with a principal place of business at 333 Three D Systems Circle, Rock Hill, South Carolina, 29730; and that 3D Systems Corporation, through its subsidiaries, wholly owns 3D Systems, Inc.  Further, 3D Delaware and 3D California deny that, in the United States, 3D Systems Corporation operates through 3D Systems, Inc. and deny that both 3D Systems Corporation and 3D Systems, Inc. participate in the actions alleged in this Amended Complaint as related to patent infringement.

## JURISDICTION AND VENUE

**Amended Complaint:**

16.   This Court has subject matter jurisdiction over Desotech's claims under §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and §§ 3 and 4 of the Clayton Act, 15 U.S.C. §§ 14, 15 pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has original and exclusive jurisdiction over the subject matter of the patent infringement claim pursuant to 28 U.S.C. § 1338(a).

**Answer:**

16.   As to Desotech's claim for patent infringement against 3D California, 3D California and 3D Delaware admit that the Court has subject matter jurisdiction over patent claims against 3D California under 35 U.S.C. § 1338(a).

**Amended Complaint:**

18.     Venue in this Court is proper for the antitrust, deceptive trade practice, and tort claims pursuant to 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 22. Venue is proper in this Court for the patent infringement claim under 28 U.S.C. §§ 1391(c) and 1400.

**Answer:**

18.     As to Desotech's claim for patent infringement against 3D California, 3D California and 3D Delaware admit that venue is proper in this Court.

### COUNT VIII – PATENT INFRINGEMENT

**Amended Complaint:**

122.    Desotech incorporates and realleges, as though fully set forth herein, paragraphs 1-78 of this Complaint.

**Answer:**

122.    3D Delaware and 3D California repeat and incorporate herein their responses to the answered paragraphs above as if set forth fully herein.

**Amended Complaint:**

123.    On January 22, 2002, United States Letters Patent 6,340,297 (hereinafter the "'297 patent") entitled Solid Imaging Apparatus With Coating Station was duly and legally issued to DSM N.V. By way of a chain of assignments, ownership of the '297 patent was transferred to Desotech with full rights to sue for current and past infringement. A copy of the '297 patent is attached as Exhibit A to this Complaint.

**Answer:**

123.    3D Delaware and 3D California admit that United States Patent No. 6,340,297 ("the '297 Patent") is entitled "Solid Imaging Apparatus With Coating Station," was purportedly issued on January 22, 2002, and that a copy of the '297 Patent was attached to the Complaint as Exhibit A.  As to the remaining allegations contained in Paragraph 123 of the Amended Complaint, 3D Delaware and 3D California lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

**Amended Complaint:**

124.    On May 11, 2004, United States Letters Patent 6,733,267 (hereinafter the "'267 patent") entitled Solid Imaging Apparatus And Method With Coating Station was duly and legally issued to DSM Desotech Inc. A copy of the '267 patent is attached as Exhibit B to this Complaint.

**Answer:**

124.    3D Delaware and 3D California admit that United States Patent No. 6,733,267 ("the '267 Patent") is entitled "Solid Imaging Apparatus And Method With Coating Station," was purportedly issued on May 11, 2004, and that a copy of the '267 Patent was attached to the Complaint as Exhibit B.  As to the remaining allegations contained in Paragraph 124 of the Amended Complaint, 3D Delaware and 3D California lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

**Amended Complaint:**

125.    Desotech and its predecessor owners in the chain of ownership of the '297 and '267 patents have complied with the marking requirements of 35 U.S.C. § 287, and Desotech is entitled to damages for patent infringement that have occurred subsequent to issuance of the '297 and '267 patents within the time limit provided for by 35 U.S.C. § 286.

**Answer:**

125.    3D Delaware and 3D California lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Amended Complaint, and therefore deny same.

**Amended Complaint:**

126.    3DS has infringed and is infringing the '297 and '267 patents by offering for sale and selling SL equipment, including at least the Viper Pro, SLA 7000 and SLA 5000 apparatuses in this District and, based on information and belief, will continue to do so unless enjoined by this Court.

**Answer:**

     126.    3D Delaware and 3D California deny the allegations of Paragraph 126 of the Amended Complaint.

**Amended Complaint:**

     127.    3DS has: (1) infringed the '297 patent and the '267 patent; (2) actively induced infringement of the '297 patent and the '267 patent by offering for sale and selling at least the identified SL equipment to customers which have then been used by such customers within the scope of the claims of the '297 patent and the '267 patent; and (3) committed acts of contributory infringement of the '297 patent and the '267 patent by offering for sale and selling at least the identified SL equipment to customers which have then been used by such customers within the scope of the claims of the '297 patent and the '267 patent.

**Answer:**

     127.    3D Delaware and 3D California deny the allegations of Paragraph 127 of the Amended Complaint.

**Amended Complaint:**

     128.    Defendant's infringements, inducements to infringe, and contributory infringements of the '297 patent and the '267 patent were and are willful and with full 28 knowledge of said Letters Patent, thereby rendering this case exceptional within the meaning of 35 U.S.C. § 285.

**Answer:**

     128.    3D Delaware and 3D California deny the allegations of Paragraph 128 of the Amended Complaint.

**Amended Complaint:**

     129.    By its unlawful infringement of the '297 patent and the '267 patent, 3DS has caused, is causing, and, unless such acts and practices are restrained and enjoined by this Court, will continue to cause immediate and irreparable harm to Desotech for which there is no adequate remedy at law, and for which Desotech is entitled to final injunctive relief under 35 U.S.C. § 283. 3DS irreparably injures Desotech each and every day that its unlawful marketing and sales continue in violation of Desotech's exclusive property rights.

**Answer:**

129.    3D Delaware and 3D California deny the allegations of Paragraph 129 of the Amended Complaint.

**Amended Complaint:**

130.    As a direct and proximate consequence of 3DS's unlawful infringement of the '297 patent and the '267 patent, Desotech has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Desotech is entitled to compensatory and treble damage relief under 35 U.S.C. § 284.

**Answer:**

130.    3D Delaware and 3D California deny the allegations of Paragraph 130 of the Amended Complaint.

### AFFIRMATIVE DEFENSES TO CLAIM FOR PATENT INFRINGEMENT

1.    Desotech has failed to state a claim for patent infringement against 3D Delaware upon which relief may be granted.

2.    3D Delaware and 3D California do not infringe, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributory, or in any way, any valid or enforceable claim of the '297 or '267 Patents.

3.    The '297 and '267 Patents are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

4.    The patent infringement claims of Desotech are barred, in whole or in part, by the doctrine of waiver, laches, and/or estoppel.

5.    By virtue of amendments, arguments, and/or admissions made by and/or on behalf of the alleged inventors and/or owners of the '297 and '267 Patents, Desotech is barred by the doctrine of prosecution history estoppel from asserting infringement in this action, either under the doctrine of equivalents or otherwise.

6. The '297 and '267 Patents are unenforceable by the doctrine of prosecution laches due to the unreasonable delay in seeking issuance of the '297 and '267 Patents, each of which claim initial priority from U.S. Application No. 07/488,095, which was filed on March 1, 1990.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Plaintiff 3D Systems, Inc. ("3D California") as and for its Counterclaim against Defendant DSM Desotech Inc. ("Desotech"), hereby alleges as follows:

## THE PARTIES

1. 3D California is a California corporation, having a place of business at 333 Three D Systems Circle, Rock Hill, South Carolina 29730.

2. Upon information and belief, Desotech is a Delaware corporation with a principal place of business at 1122 St. Charles Street, Elgin, Illinois 60120.

## JURISDICTION AND VENUE

3. This action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1338(a).

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c) and by virtue of the fact that Desotech has filed a patent infringement action against 3D California in this Judicial District.

## BACKGROUND FACTS

6. 3D California has been sued by Desotech in the present action for infringing U.S. Patent Nos. 6,340,297 (the "'297 Patent") and 6,733,267 (the "'267 Patent") alleged to be owned by Desotech.

# CLAIM I
## Declaration Of Noninfringement, Invalidity & Unenforceability

7. 3D California repeats and incorporates herein the foregoing allegations in paragraphs 1-6 as if set forth in their entirety.

8. By virtue of the filing of the patent infringement complaint against 3D California, under all of the circumstances, there is a substantial, actual, and justiciable controversy between 3D California, on the one hand, and Desotech, on the other hand, of sufficient immediacy and reality as to infringement of the Desotech '297 and '267 patents such that a justiciable Article III controversy exists.

9. 3D California does not infringe, induce infringement of, and/or contributorily infringe, and has not infringed, induced infringement of, and/or contributorily infringed any valid and enforceable claim of the Desotech '297 and '267 patents.

10. By virtue of amendments, arguments, and/or admissions made by and/or on behalf of the alleged inventors and/or owners of the '297 and '267 Patents, 3D California does not infringe the Desotech '297 and '267 patents either literally or under the doctrine of equivalents.

11. The Desotech '297 and '267 patents are invalid and void for failure to comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. The '297 and '267 Patents are unenforceable by the doctrine of prosecution laches due to the unreasonable delay in seeking issuance of the '297 and '267 Patents, each of which claim initial priority from U.S. Application No. 07/488,095, which was filed on March 1, 1990.

## PRAYER FOR RELIEF

WHEREFORE, 3D Delaware and 3D California pray for judgment in their favor as follows:

A.    Dismissal of the patent infringement claims against 3D Delaware and 3D California with prejudice;

B.    Judgment that 3D Delaware and 3D California have not infringed, induced infringement of, or contributorily infringed, and do not infringe, induce infringement of, and/or contributorily infringe any valid or enforceable claim of the '297 and '267 Patents;

C.    Judgment that the '297 and '267 Patents are invalid and void for failure to comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.    Judgment that the '297 and '267 Patents are unenforceable;

E.    Judgment that this case is "exceptional" within the meaning of 35 U.S.C. § 287;

F.    An award to 3D Delaware and 3D California of their costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

G.    An award to 3D Delaware and 3D California of all further and additional relief as the Court deems just and proper.

DATED: June 6, 2008

Respectfully submitted,

/s/  Paula W. Render
*One of the Attorneys for 3D Systems Corp. and 3D Systems, Inc.*

Michael Sennett (IL #02550199)
Paula W. Render (IL #06237954)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Tel: (312) 782-3939
Fax: (312) 782-8585
msennett@jonesday.com
prender@jonesday.com

Sidney David
Jonathan A. David
LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 654-5000
Fax: (908) 654-7866
sdavid@ldlkm.com
jdavid@ldlkm.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on June 6, 2008, a copy of the foregoing **Defendants' Partial Answer to Amended Complaint, Affirmative Defenses to Amended Complaint and Counterclaim for Declaratory Judgment** was served via ECF pursuant to Local Rule 5.5 to the following attorneys of record:

>Andrew S. Marovitz
>Britt M. Miller
>Thomas V. Panoff
>courtnotification@mayerbrown.com
>MAYER BROWN LLP
>71 South Wacker Drive
>Chicago, Illinois 60606

>Bruce M. Gagala
>Jeffrey B. Burgan
>bgagala@leydig.com
>jburgan@leydig.com
>LEYDIG, VOIT & MAYER, LTD.
>Two Prudential Plaza, Suite 4900
>180 North Stetson Avenue
>Chicago, Illinois 60601

>/s/ Niloy Ray
>Niloy Ray