**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DSM DESOTECH INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 08-C-1531 |
| v. | ) | |
| | ) | Hon. Joan H. Lefkow |
| 3D SYSTEMS CORPORATION and | ) | |
| 3D SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**3D SYSTEMS' MEMORANDUM IN SUPPORT**
**OF MOTION TO STAY CERTAIN DISCOVERY**

3D Systems Corporation and 3D Systems Inc. ("3D Systems") submit this Memorandum in support of their motion to stay certain discovery pending the Court's ruling on their motion to dismiss the antitrust and state-law claims brought by 3D Systems' competitor, DSM Desotech Inc. ("Desotech"), and state as follows:

## INTRODUCTION

"When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007) ("*Twombly*"). 3D Systems filed a motion to dismiss the antitrust and state law claims of the Amended Complaint on June 6, 2008, showing that Desotech has failed to satisfy the pleading standard of *Twombly* for those claims. As the Supreme Court held in *Twombly*, only by weeding out complaints with insufficient facts "can we hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support [an antitrust] claim." *Id.* at 1967. It would contradict the principles of *Twombly* to order discovery to proceed while 3D Systems' motion is pending.

Moreover, 3D Systems and Desotech are each other's largest competitors in the sale of resins used in stereolithography systems. Desotech's discovery seeks what courts have recognized to be the most competitively sensitive information a business possesses: strategic plans, 3D Systems' costs, profit margins and other financials, customer lists and customer complaints. Given 3D Systems' pending motion challenging whether Desotech even has plausible claims against 3D Systems, this Court should not impose the competitive risk and significant cost of discovery on those claims unless and until the Court determines that some or all of Desotech's claims can proceed.

3D Systems has not moved to dismiss the parties' claims for patent infringement and accordingly does *not* move to stay discovery on the issue of patent liability, but has likewise filed a motion to bifurcate patent liability from patent damages and to stay patent damages discovery based in part on the complexity, scope and magnitude of damages discovery being requested by Desotech.

This is not the typical patent/antitrust case, however, in which a defendant, accused of patent infringement, counterclaims for antitrust violations alleging that the plaintiff's patent infringement claims were brought for an improper purpose as a sham litigation conducted to prevent competition. Rather, Desotech's antitrust and state law claims are based on its theory that 3D Systems requires customers to buy 3D Systems resins as a condition for allowing customers to purchase its Viper™ Pro SLA® System. Amended Complaint ("AC") ¶¶ 5, 79-92. The patent infringement claims, on the other hand, relate to the recoater technology used in 3D Systems' stereolithography machines. *Id.* ¶¶ 11, 122-30. Discovery for the antitrust and related state law claims will involve different topics and documents than those required for the patent law claims. Thus, discovery on liability of the patent claims should proceed while the Court

considers the motion to dismiss the non-patent claims and 3D Systems' Motion For Separate

Trials Of Patent Liability And Patent Damages Issues And To Stay Discovery On Patent

Damages.

        This Court's standing Order regarding discovery provides that "the pendency of a motion,

such as a motion to dismiss, does not operate as a stay or extension of discovery."  Accordingly,

3D Systems submits this Request to the Court to stay antitrust related discovery pursuant to the

Supreme Court's analysis in *Twombly*, as set forth in more detail below.  3D Systems' request to

stay patent damages discovery is set forth separately in 3D Systems' concurrently filed Motion

For Separate Trials Of Patent Liability And Patent Damages Issues And To Stay Discovery On

Patent Damages.

## ARGUMENT

### I.    The "Potentially Massive" Expense of Antitrust Discovery Should Not Proceed Unless and Until This Court Determines that the Claims on Which Desotech Seeks Discovery Are Plausible

        In *Twombly*, the Supreme Court focused on the fact that antitrust litigation (such as this

case) between two large corporate entities is complex and can involve "a potentially massive

factual controversy." *Twombly,* 127 S. Ct. at 1967.  Discovery in such cases can be "a sprawling,

costly, and hugely time-consuming undertaking" that is not easily limited once begun. *Id.* n.6.

The Court therefore held that courts should be reluctant to proceed into such expensive discovery

until they have determined that a plausible claim has been alleged. *Id.*  The Seventh Circuit,

moreover, has held that *Twombly* "teaches that a defendant should not be forced to undergo

costly discovery unless the complaint contains enough detail, factual or argumentative, to

indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont,* 520

F.3d 797, 802-03 (7th Cir. 2008) (Posner, J.).  The Court further explained in that decision: "In a

complex antitrust . . . case a fuller set of allegations . . . may be necessary to show that the plaintiff's claim is not 'groundless.'"[1]

This Court, moreover, has applied the same principles in staying cases while a motion to dismiss is pending. In *Stokes v. City of Chicago,* No. 86 C 4759, 1986 WL 12311 (N.D. Ill. 1986), this Court explained, "A stay of discovery pending resolution of a motion to dismiss avoids unnecessary discovery in the event the motion is granted . . . . [W]e are mindful that uncontrolled discovery in the course of 'insubstantial lawsuits' can be a form of harassment that imposes an 'undue burden' on the time and resources of public officials and their agencies." *Id.* at * 1.[2]

This case is precisely the kind of complex antitrust matter in which the caution mandated in *Twombly* is essential. The case involves two large corporate entities: 3D Systems, with approximately 350 employees and operations in eight countries, spread over three continents, serving clients through its world-wide network;[3] and the much larger DSM Desotech, part of the DSM conglomerate which employs more than 23,000 people across five continents.[4] Desotech seeks extensive discovery on eight separate counts, including patent infringement, as reflected in its lengthy 24-page document request. *See* Plaintiff's First Request for the Production of

---

[1]    The Seventh Circuit was concerned about the cost of discovery in antitrust cases long before *Twombly* was decided. *See, e.g., Lupia v. Stella D'Oro Biscuit Co.*, 586 F.2d 1163, 1167 (7th Cir. 1978) ( "Antitrust trials often encompass a great deal of expensive and time consuming discovery . . . . The ultimate determination . . . that an antitrust claims is unfounded, may come too late to guard against the evils that occur along the way"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1006 (7th Cir. 1984) ("The costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint").

[2]    Stays of discovery while a motion to dismiss is pending are quite common. *See, e.g., Douglas v. Potter,* 268 F. App'x. 468, 470 (7th Cir. 2008) (unpub'd); *Xie v. Univ. of Utah*, 243 F. App'x. 367, 370 (10th Cir. 2007) (unpub'd); *Koehler v. Brody*, 483 F.3d 590, 595 (8th Cir. 2007); *Moore v. Potter*, 141 F. App'x. 803, 808 (11th Cir. 2005)  ("We find no error in the district court's imposition of a stay").

[3] *See* http://3dsystems.com/company/index.asp, http://3dsystems.com/company/contact.asp.

[4] *See* http://www.dsm.com/en_US/html/about/dsm_company_profile.htm.

Documents, attached as Ex. A.  The request asks for every 3D Systems sales contract for four different 3D Systems stereolithography machines; every sales and marketing document for all 3D Systems stereolithography machines; large categories of third-party contracts; technical designs, manufacturing drawings and test results; complex financial records and reports; vast amounts of customer data, including every piece of communication with customers and potential customers; and all manner of other internal communication.  Each of those requests, by definition, includes electronic mail and other electronically stored information.  *Id*. at 3.  To require 3D Systems to respond to these broad and burdensome requests before its motion to dismiss is resolved would eviscerate the principles of *Twombly* and *Limestone Development.*

When confronted with a similar case – also involving antitrust and patent actions between two international manufacturers – the Northern District of Illinois declared that "some threshold of plausibility must be crossed . . . before a patent antitrust case should be permitted to go into its *inevitably costly and protracted discovery phase*."  *Asahi Glass Co.,* 289 F. Supp. 2d at 995 (Posner, J., sitting by designation) (emphasis added).  Indeed, even in a *smaller-scale* antitrust case involving a national restaurant chain and some franchisees, the Northern District reiterated that unless the complaint alleges "sufficient facts to show plausible grounds . . . for a violation," the claim "should not be permitted to continue."  *Siemer v. Quizno's Franchise Co.,* -- F. Supp. 2d --, No. 07 C 2170, 2008 WL 904874, at *9 (N.D. Ill. March 31, 2008).

**II.     Discovery Should Also Be Stayed While the Motion to Dismiss Is Pending Because This Case Will Involve Discovery of Trade Secrets and Competitively Sensitive Information**

In certain circumstances, courts have denied discovery between competitors *altogether* due to the highly sensitive nature of the information sought.  "When discovery by a competitor could penetrate areas of business or scientific sensitivity . . . it should not be sufficient simply to state that the material sought might lead to the discovery of admissible evidence."  *Advanced*

*Semiconductor Products, Inc. v. Tau Laboratories, Inc.*, 229 U.S.P.Q. 222, 224 (N.D. Cal. 1986). In that case, the plaintiff, ASP, sought extensive discovery of trade secrets from Tau, its major competitor, via depositions, interrogatories and document requests. *Id.* at 223. Denying ASP's motion to compel discovery, the court explained that "this kind of discovery" required a "more substantial showing" than merely that the information sought "might lead" to relevant evidence. *Id.* at 224.

Like the parties in *Advanced Semiconductor Products,* 3D Systems and Desotech are major competitors. Like ASP, Desotech seeks confidential data, including costs, discounts, customer lists, potential customer lists, customer complaints, strategic plans and other trade secrets. 3D Systems seeks simply a postponement of invasive discovery until Desotech has "persuaded the court that [its claims] embrace the kind of detailed information . . . sought through the discovery requests." *Id.* The court in *Advanced Semiconductor Products* held that it was simply a matter of "common sense" to limit a competitor's discovery of competitively sensitive information, *id.* at 224, and the same is true here. Moreover, 3D Systems does not seek to stay discovery on the parties' patent liability claims, so this stay will not delay the progress of this case at all.

Nor is a protective order a reasonable alternative at this point. When it comes to trade secrets and proprietary information, "no protective order could possibly be devised which could guarantee security for the material once it left [the discloser's] hands." *Bell Atlantic Bus. Systems Servs., Inc. v. Hitachi Data Systems Corp.*, No. M8-85, 1995 WL 13115, *1 (S.D.N.Y. Jan. 13, 1995) ("*Hitachi*"). In *Hitachi*, the court declared that disclosing sensitive information to a competitor (Bell) would be "vastly detrimental" to a third party (IBM) and would create the potential for "inadvertent disclosure to other competitors." *Id.* The court was unmoved by the

argument that "an extensive protective order" would prevent use of the information against IBM. *Id*. Since Bell had failed to "establish a sufficient basis for the relevance of the materials," the court declined to compel its production. *Id.* at *2. *See also Everco Industries, Inc. v. O.E.M. Products Co.*, 362 F. Supp. 204 (N.D. Ill. 1973) (Bauer, J.) (denying a competitor's request for "carte blanche production of all contracts and communications" because of the "potentially confidential nature" of such information). Once 3D Systems' motion to dismiss is resolved, this Court and the parties will need to address the risks posed by discovery between these two competitors. It is premature at this point, however, to require 3D Systems to deliver competitively sensitive information into the hands of one of its most significant competitors, when some or all of the claims on which that discovery is purportedly sought may be dismissed.

## III.    Local Rule 37.2 Conference of Counsel

In compliance with Local Rule 37.2, 3D Systems' counsel has conferred in good faith with Desotech's counsel in an unsuccessful effort to reach agreement on a stay of discovery pending a ruling on 3D Systems' motion to dismiss. The meeting was conducted at Mayer Brown's Chicago office, at 2 p.m. on June 26, 2008, and was attended by all attorneys of record (Sidney David and Jonathan A. David participating by telephone). At the meeting, the parties failed to reach agreement on the issue of staying discovery. On August 19, 2008, counsel for 3D Systems Paula Render conferred by telephone with Desotech's counsel Britt Miller and confirmed that the parties are still in disagreement regarding the matters presented in this motion.

## <u>CONCLUSION</u>

WHEREFORE, 3D Systems requests that this Court enter an Order staying discovery on Counts I-VII of the Amended Complaint until 3D Systems' pending Motion to Dismiss Desotech's Antitrust and State Law Claims is resolved, and for such other and further relief as is appropriate.

Dated: August 19, 2008

Respectfully submitted,

/s/ Paula W. Render

_One of the Attorneys for Defendants 3D_
_Systems Corporation and 3D Systems, Inc._

| | |
|---|---|
| Sidney David (sdavid@ldlkm.com) | Michael Sennett (msennett@jonesday.com) |
| Jonathan A. David (jdavid@ldlkm.com) | Paula W. Render (prender@jonesday.com) |
| LERNER DAVID LITTENBERG | Niloy Ray (nray@jonesday.com) |
| KRUMHOLZ & MENTLIK, LLP | JONES DAY |
| 600 South Avenue West | 77 West Wacker Drive, Suite 3500 |
| Westfield, NJ 07090-1497 | Chicago, IL 60601 |
| Tel: (908) 654-5000 | Tel: (312) 782-3939 |
| Fax: (908) 654-7866 | Fax: (312) 782-8585 |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 19, 2008, a copy of the foregoing

**3D Systems' Memorandum In Support Of Motion To Stay Certain Discovery** was served

via ECF pursuant to Local Rule 5.5 to the following attorneys of record:

> Andrew S. Marovitz
> Britt M. Miller
> Thomas V. Panoff
> courtnotification@mayerbrown.com
> MAYER BROWN LLP
> 71 South Wacker Drive
> Chicago, Illinois 60606

> Bruce M. Gagala
> Jeffrey B. Burgan
> bgagala@leydig.com
> jburgan@leydig.com
> LEYDIG, VOIT & MAYER, LTD.
> Two Prudential Plaza, Suite 4900
> 180 North Stetson Avenue
> Chicago, Illinois 60601

/s/ Paula W. Render

CHI-1664500v3