UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DSM DESOTECH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 08 C 1531 |
| v. ) | |
| ) | Hon. Joan H. Lefkow |
| 3D SYSTEMS CORPORATION and 3D ) | |
| SYSTEMS, INC., ) | Magistrate Judge Keys |
| ) | |
| Defendants. ) | |
| ) | |

**DSM DESOTECH'S OPPOSITION TO DEFENDANTS' MOTION REQUESTING
SEPARATE TRIALS OF PATENT LIABILITY AND PATENT DAMAGES ISSUES AND
TO STAY DISCOVERY OF PATENT DAMAGES**

Andrew S. Marovitz
Britt M. Miller
Thomas V. Panoff
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – fax

Bruce M. Gagala
Jeffrey B. Burgan
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
80 North Stetson Avenue
Chicago, IL 60601
(312) 616-5600
(312) 616-5700 – fax

*Attorneys for DSM Desotech Inc.*

Dated: September 9, 2008

# TABLE OF CONTENTS

I. STAYING DISCOVERY ON THE ISSUES OF DAMAGES AND WILLFUL INFRINGEMENT HAS BEEN REPEATEDLY REJECTED ...................................................2

   A. Bifurcating Discovery Will Delay Litigation Because Of Overlap Of Issues Of Liability, Damages, And Willfulness ...................................................................4

   B. Staying Discovery Reduces Chances Of Settlement ...........................................5

   C. Courts Favor Unified Discovery Even Where Bifurcation Of Liability And Damages Trials Is Ordered ..................................................................................6

II. SEPARATE TRIALS ARE NOT WARRANTED IN THIS CASE ...................................6

   A. Plaintiff Will Be Forced To Present Duplicate Evidence Due To Overlap In Damages, Willfulness, And Liability Issues .......................................................7

   B. A Single Trial Is Appropriate Because There Are No Extenuating Circumstances Warranting Bifurcation ..............................................................9

   C. The Damages Calculation Is No More Complex Than That Of An Ordinary Patent Case .........................................................................................................10

   D. The Technology and Liability Issues Are No More Complex Than The Average Patent Case and Desotech Is Likely To Prevail On Liability ..............11

III. CONCLUSION .................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Brad Ragan, Inc. v. Shrader's Inc.*,
  89 F.R.D. 548 (D.C. Ohio 1981) ..................................................................................... 11
*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*,
  2001 WL 699856 (S.D. Ind. May 31, 2001) ..................................................................... 11
*Clipco, Ltd. v. Ignite Design, LLC*,
  2005 WL 2861032, (N.D. Ill. Oct. 28, 2005) ..................................................................... 6
*Home Elevators Inc. v. Williams Elevator Service Co.*,
  933 F. Supp. 1090 (N.D. Ga. 1996) ............................................................................. 8, 11
*IPPV Enterprises v. Cable/Home Communication Corp.*,
  26 U.S.P.Q. 2d, 1714 (S.D. Cal. Jan. 4, 1993) ................................................................. 10
*K.W. Muth Co. Inc. v. Bing-Lear Manufg. Grp., LLC*,
  2002 WL 1879943 (E.D. Mich. Jul. 16, 2002) ................................................................... 5
*Keyes Fibre Co. v. Packaging Corp. of America*,
  763 F. Supp. 374 (N.D. Ill. 1991) ................................................................................. 2, 8
*Kos Pharma., Inc. v. Barr Labs., Inc.*,
  281 F.R.D. 387 (S.D.N.Y. 2003) ..................................................................................... 12
*Laitram Corp. v. Hewlett Packard Co.*,
  791 F. Supp. 113 (E.D. La. 1992) ............................................................................. 4, 5, 7
*Naxon Telesign Corp. v. GTE Info. Systems Inc.*,
  89 F.R.D. 333 (D.C. Ill. 1980) ........................................................................................... 6
*Pittway Corp. v. Maple Chase Co.*,
  1992 WL 392584 (N.D. Ill. Dec. 16, 1992) ....................................................................... 6
*Real v. Bunn-O-Matic Corp.*,
  195 F.R.D. 618 (N.D. Ill. 2000) ................................................................................ passim
*Recombinant DNA Technology Patent and Contract Litigation*,
  30 U.S.P.Q.2d 1881(S.D. Ind. 1994) ................................................................................. 6
*Remcor Products Co. v. Serven Int'l Inc.*,
  1994 WL 594723 (N.D. Ill. Oct. 28, 1994) ........................................................................ 6
*THK Am. Inc. v. NSK Co. Ltd.*,
  151 F.R.D. 625 (N.D. Ill. 1993) ................................................................................ passim
*Trading Technologies Int'l. v. ESpeed*,
  431 F. Supp. 2d. 834 (N.D. Ill. 2006) ....................................................................... passim
*William Reber v. Samsung Elecs. America, Inc.*,
  220 F.R.D. 533 (N.D. Ill. 2004) ................................................................................ passim
*William Reber v. Sony Ericsson Mobile*,
  2004 WL 2535074 (N.D. Ill. Sep. 27, 2004) ................................................................ 3, 11

**Statutes**
35 U.S.C. § 103 ............................................................................................................................ 8
35 U.S.C. § 282 .......................................................................................................................... 12
35 U.S.C. § 284 ............................................................................................................................ 8

Plaintiff, DSM Desotech Inc. (hereinafter "Desotech") opposes 3D Systems' Motion for Separate Trials of Patent Liability and Patent Damages Issues and To Stay Discovery Of Patent Damages (D.I. 48). 3D Systems Corporation and 3D Systems, Inc. (collectively "3DS") seek to first bifurcate discovery, staying all discovery concerning damages and willful infringement. In conjunction with the bifurcation of discovery, 3DS seeks at least two separate trials, one on liability, and a separate trial concerning damages and willful infringement. Bifurcation of damages discovery and bifurcation of trial is inefficient, unwarranted, and significantly delays Desotech's resolution of this case.

This is an ordinary patent infringement case concerning relatively straightforward technology; it consists of one plaintiff and two closely related defendants. While several of 3DS's products are implicated in this litigation, the products are closely related and operate in similar manner. 3DS also appears to have further simplified its case in its Answer, apparently admitting that its machines embody the broadest claims of Desotech's patents except for their recoating technology. (*See* D.I. 32, ¶ 12).

Damages discovery at this early stage of the litigation is focused on basic and readily accessible financial information from 3DS that is regularly produced during discovery and used at trial. Desotech merely seeks *sufficient* basic financial information from 3DS in order to calculate damages; for example, sufficient information to show volume of sales, revenue, costs, and profits of 3DS machines. (*See* Plaintiff DSM Desotech Inc.'s First Request For The Production of Documents to Defendants 3D Systems Corporation and 3D Systems, Inc. Nos. 38-46 attached as Exhibit B to 3D Systems' Memorandum in support of the Motion for Separate Trials of Patent Liability and Patent Damages Issues and To Stay Discovery of Patent Damages) (D.I. 50, Exh. B) (hereinafter "Plaintiff's Request Nos. 38-46.") While Desotech does request

1

documents that concern financial forecasts, market share information, information about competing products, and supply agreements relating to 3DS machines, such information goes to both the patent counts and the antitrust counts. (*Id.* at Nos. 43-46 Exh.)

3DS contends that Desotech seeks "voluminous" documents (*See* D.I. 50, p. 2[1]), but 3DS has not provided any evidence of such volume nor has it explained why "voluminous documents" are necessary to support basic financial information about a relatively small company. Further, since Desotech does not manufacture equipment that competes with the machines at issue in this litigation, the two-tiered Protection Order being negotiated by the parties will adequately protect any of 3DS's sensitive financial information.

Discovery and trial of the issue of willful infringement including 3DS's knowledge of the patents-in-suit and its efforts to avoid infringement, along with the trial of damages and liability is the most efficient use of judicial resources. Neither bifurcation of discovery nor trial is warranted for this common patent dispute.

## I.   STAYING DISCOVERY ON THE ISSUES OF DAMAGES AND WILLFUL INFRINGEMENT HAS BEEN REPEATEDLY REJECTED

3DS argues that bifurcation is presumed in patent cases. 3DS is wrong. Courts in this jurisdiction repeatedly state that bifurcation of discovery in patent cases, as in others, is the exception, not the rule. *See e.g. Trading Technologies Int'l. v. ESpeed*, 431 F. Supp. 2d. 834, 840 (N.D. Ill. 2006) ("[b]ifurcation remains the exception . . . because '[i]n the event that liability is found, two separate trials with two separate juries at remote times would not serve judicial economy'"), citing *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 624 (N.D. Ill. 2000); *see also Keyes Fibre Co. v. Packaging Corp. of America*, 763 F. Supp. 374, 376 (N.D. Ill. 1991).

---

[1]   Page numbers indicated are the page numbers found at the bottom of the memorandum pages.

3DS relies heavily on *William Reber v. Samsung Elecs. America, Inc.*, in arguing for bifurcation of both discovery and trial, a case that at best 3DS misunderstands or, at worst, misrepresents. 220 F.R.D. 533 (N.D. Ill. 2004) vacated in part by *William Reber v. Sony Ericsson Mobile*, 2004 WL 2535074 *1 (N.D. Ill. Sep. 27, 2004). *William Reber* is instructive here, however, because it supports Desotech's argument rather than 3DS's Motion. *William Reber* initially involved six defendants, two patents, thirteen claims, sixteen product lines, and several affirmative defenses. 220 F.R.D. at 538. Early in the case, the court ordered bifurcation of damages and liability, including a stay of damages discovery until after the liability trial, due to the large number of defendants, and a desire to limit the exchange of highly confidential financial discovery between these competing defendants. *Id.* at 539. The *William Reber* court denied the defendants' request to bifurcate discovery on the willful infringement issue because of a significant overlap between the information and witnesses related to both willfulness and liability. *Id.* at 541.

Most important is that 3DS fails to mention that the *William Reber* Court a few months later vacated its own order to bifurcate because the number of defendants dwindled to one company. *William Reber v. Sony*, 2004 WL 2535074 at *1. At that time, six claims of two patents against at least fifteen different phones manufactured by Sony remained at issue in the case and the court held that although Sony claimed that bifurcation would serve judicial economy, that argument "alone is not enough to support a bifurcation order." *Id.* at *2. The court held that bifurcation was not warranted since the damages discovery and computation remaining at issue were of the same nature as the discovery and damages computation that are regularly found in patent litigation. *Id.* at *3. Contrary to 3DS's assertion, the similarity

3

between this case and *William Reber* undercuts completely 3DS's request to bifurcate discovery and trial and compels the denial of 3DS's motion.

    A. **Bifurcating Discovery Will Delay Litigation Because Of Overlap Of Issues Of Liability, Damages, And Willfulness**

Courts deny requests to bifurcate damages and willful infringement discovery from liability discovery because it results in great judicial inefficiency. Bifurcation of discovery often leads to significant disputes concerning the proper scope of discovery that must be resolved by the court. *See Laitram Corp. v. Hewlett Packard Co.*, 791 F. Supp. 113, 117 (E.D. La. 1992) (if the court limits discovery during the first period to liability only, the parties are likely to come to the Court with repeated disputes over how requested material is related to liability, damages, state of mind, or all these issues). Such disputes are inevitable because there is significant overlap between damages issues and liability issues and between liability issues and the willful infringement determination. "[C]ourts in this district have repeatedly held that bifurcation… was inappropriate because issues of liability and willfulness/damages do overlap." *Trading Technologies*, 431 F. Supp. 2d. at 841, citing *William Reber*, 220 F.R.D. at 540; *see also Real*, 195 F.R.D. at 625-26; *THK Am,. Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625, 629-30 (N.D. Ill. 1993).

In this case, there are already disputes concerning the scope of discovery. Bifurcation of discovery will undoubtedly engender additional disputes about the scope of discovery. For example, evidence necessary to prove commercial success to rebut 3DS's defense of invalidity on grounds of obviousness will overlap with damages discovery. *See THK*, 151 F.R.D. at 629 (issues raised by an obviousness defense would be the "*same* in significant respects as the evidence relating to damages") (emphasis in original). Desotech also anticipates an overlap in discovery of willfulness and liability because willfulness is determined under the totality of the circumstances involved in the infringement and technical witnesses will be questioned in both

4

areas. *See Real*, 195 F.R.D. at 625-26. Because many of the custodians of evidence related to damages, liability, and willfulness are the same, bifurcated discovery will also necessitate duplicate depositions of these witnesses.

Given the overlap between liability, damages, and willfulness, bifurcating damages discovery only increases delay by inducing disputes concerning the proper scope of discovery. Bifurcation likewise increases inefficiency by requiring duplicate depositions of the same witnesses.

### B.      Staying Discovery Reduces Chances Of Settlement

3DS argues that bifurcation of damages and willful infringement discovery somehow promotes settlement. To the contrary, 3DS's position virtually guarantees that there can be no settlement early in the case.

Under 3DS's scheme, if 3DS is found to infringe Desotech's patents at a prior liability trial, only then would damages and willfulness discovery commence. Until then, Desotech would remain in the dark as to any expected recovery. Discovery of the economics involved in the case can actually promote settlement. *See Laitram*, 791 F. Supp. at 117. ("[N]either the plaintiff nor the defendant [in a case where damages discovery is stayed] is likely to enter serious settlement negotiations until they have done substantial discovery regarding damages"); *See also, K.W. Muth Co. Inc. v. Bing-Lear Manufg. Grp., LLC*, 2002 WL 1879943 *1, *5 (E.D. Mich. Jul. 16, 2002) *1, *5 ("discovery of the economics involved in this case could actually promote settlement negotiations"). Thus instead of promoting settlement, bifurcation of damages discovery does nothing but delay meaningful settlement discussions indefinitely.

### C. Courts Favor Unified Discovery Even Where Bifurcation Of Liability And Damages Trials Is Ordered

In many of the cases on which 3DS relies the courts did not bifurcate discovery, even if they ordered separate trials. *Naxon Telesign Corp. v. GTE Info. Systems Inc.*, 89 F.R.D. 333, 341 (D.C. Ill. 1980) (discovery on damages remains appropriate notwithstanding the planned bifurcation at trial); *In re Recombinant DNA Technology Patent and Contract Litigation*, 30 U.S.P.Q.2d 1881, 1901 (S.D. Ind. 1994) ("concurrent discovery of information on liability and damages issues will engender a more efficient use of Court time"); *Pittway Corp. v. Maple Chase Co.*, 1992 WL 392584 *1, *6 (N.D. Ill. Dec. 16, 1992) (ruling on bifurcation of the liability and damages issues shall in no way affect the timing or method of discovery). A compelling reason for unified discovery even where a trial is bifurcated is that the same jury can consider issues of liability and damages if the second portion of a bifurcated trial proceeds; this would be impossible if discovery is bifurcated. *See Naxon*, 89 F.R.D. at 341-42.

## II. SEPARATE TRIALS ARE NOT WARRANTED IN THIS CASE

As noted above, bifurcation of both discovery and trial in patent cases is the exception rather than the rule in this jurisdiction. *See e.g. Trading Technologies,* 431 F. Supp. 2d. at 836; *Clipco, Ltd. v. Ignite Design, LLC*, 2005 WL 2861032, *1, *3 (N.D. Ill. Oct. 28, 2005); *William Reber*, 220 F.R.D. at 538; *Real*, 195 F.R.D. at 620; *Remcor Products Co. v. Servend Int'l Inc.*, 1994 WL 594723 *1 (N.D. Ill. Oct. 28, 1994); *THK*, 151 F.R.D. at 631.

> Rule 42(b) of the Federal Rules of Civil Procedure states:
>
> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trail of one or more separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to bifurcate trial pursuant to Rule 42(b) is made on a case-by-case basis and is committed to the discretion of the district court. *Real,* 195 F.R.D. at 620. Even if bifurcation might somehow promote judicial economy, courts should not order separate trial when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. *Laitram,* 791 F. Supp. at 115.

### A.  Plaintiff Will Be Forced To Present Duplicate Evidence Due To Overlap In Damages, Willfulness, And Liability Issues

Just as with discovery, the overlap of issues of damages, liability and willfulness weighs in favor of conducting a unified trial in this case. 3DS's argument that evidence relating to damages and liability is "quite different" is simply wrong. (*See* D.I. 50, p. 8.) In *THK* the court held that:

> [T]he damages trial cannot be conducted in an evidentiary vacuum. A jury will have to be familiar with the patents at issue, the products, and the... industry itself. Therefore, much of the evidence that can be expected to be introduced in a trial on damages will be duplicative of the evidence that can be expected to be presented in a trial on liability. If the case were bifurcated, it would be necessary to revisit the testimony and demonstrative evidence that previously had been used to explain to the liability jury....

151 F.R.D. at 630; *see also Trading Technologies,* 431 F. Supp. 2d at 841 citing *William Reber, LLC,* 220 F.R.D. at 540; *Real,* 195 F.R.D. at 625-626 (finding that the question of willful infringement is relevant to both liability and damages).

One example of overlap of liability and damages evidence pertains to proving commercial success. Contrary to 3DS's assertion that "evidence of commercial success and damage issue are [sic] far from identical," (*See* D.I. 50, p. 10.) courts in this jurisdiction disagree.

> Although at least one court has expressly stated that raising such issues as obviousness and commercial success are insufficient to show a significant overlap of issues... courts in this district have repeatedly held that bifurcation in similar cases was inappropriate because issues of liability and willfulness/damages do overlap.

7

*Trading Technologies*, 431 F. Supp. 2d. at 841. 3DS has plead invalidity under 35 U.S.C. § 103. Since, evidence concerning commercial success will be introduced at trial this factor weighs in favor of denying separate trials because of the overlap with damages evidence.

Additionally, there will be significant overlap in evidence relating to liability and willful infringement. Contrary to 3DS's assertion that the "willfulness issue is more clearly related to damages," (*See* D.I. 50, p. 11.) "[willfulness is] *inextricably* bound to the facts underlying the alleged infringement." *THK*, 151 F.R.D. at 629 (emphasis in original); *see also Keyes Fibre*, 763 F. Supp. at 375 ("The evidence relating to [defendant's] state of mind when it committed the infringement, which is clearly relevant to damages, cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place"). Willfulness is determined from the totality of the circumstances; therefore, a jury must necessarily look at all the evidence as a whole. *Real*, 195 F.R.D. at 626. "Although the court makes the determination of whether damages should be increased under 35 U.S.C. § 284, a jury must make the determination of willfulness." *Id.* This factor weighs in favor of conducting a single trial. *Id.*

Here, Desotech anticipates relying on substantially the same documents and witnesses to prove-up willfulness and liability; for example, the testimony of the designers of 3DS's products will likely provide evidence related to willfulness and liability determinations. *Home Elevators Inc. v. Williams Elevator Service Co.*, 933 F. Supp. 1090, 1092 (N.D. Ga. 1996) (where plaintiff anticipates having the same witnesses testify to matters relating to both liability and damages, judicial economy is not served by conducting separate trials). Desotech would be severely prejudiced by having to present duplicative evidence and witnesses on willfulness and damages

8

at a separate trial long after the liability trial. This fact weighs against conducting a separate trial.

3DS has not proffered evidence of *specific* time or expenses that will be saved by conducting separate trials. 3DS merely speculates that if it wins there will be no need for a second trial, and that if it loses settlement will be promoted. This is not dispositive. 3DS has not met its burden to identify specific time or expenses that will be saved by bifurcating trial. That bifurcation will only promote judicial economy if the movant wins is insufficient to support 3DS's motion. *See Trading Technologies,* 431 F. Supp. 2d at 840. Simply postponing ancillary litigation does not necessarily weigh in favor of bifurcation and it does not increase judicial efficiency. *Id.*

### B. A Single Trial Is Appropriate Because There Are No Extenuating Circumstances Warranting Bifurcation

3DS has the burden of proving extenuating circumstances warranting bifurcation of trial in this case. *See Real*, 195 F.R.D. at 620 (the movant has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by conducting separate trials, based on the circumstances of the individual case). 3DS has done nothing to meet that burden, and having failed to meet its burden, the motion should be denied.

3DS has not provided a specific basis for its assertion that trial of damages, willfulness and liability would be more efficient in multiple trials. 3DS has not shown that a single trial would unnecessarily require the review or presentation of "voluminous documents." Nor has 3DS shown that the liability trial is extraordinarily complex. Further, 3DS offered nothing to show that they are more likely to prevail than Desotech. Therefore, bifurcation does not guarantee judicial economy.

Similarly, there are no good faith concerns about the disclosure of sensitive information. This case involves two closely related defendants, who are apparently parent and subsidiary, so there is no concern about disclosure of sensitive information among defendants. Desotech does not compete with 3DS in the manufacture of the machines at issue in this case so discovery on the machines will not result in hardship to 3DS. That Desotech competes with 3DS in the resin market is not dispositive given that the defendants are closely related and because patent cases often involve direct competitors. Further, the parties are negotiating a two-tiered Protective Order that adequately protects all parties' confidential information and trade secrets. The relatively small-scale disclosure of sensitive financial information in this case is not an extenuating factor favoring separate trials.

### C. The Damages Calculation Is No More Complex Than That Of An Ordinary Patent Case

Although 3DS speculates that complex damages calculations are required in this case, there is no evidence to suggest that the computation will be more unusual or complex than an ordinary patent case; therefore, this factor does not weigh in favor of bifurcation. *See IPPV Enterprises v. Cable/Home Communication Corp.*, 26 U.S.P.Q.2d, 1714, 1717 (S.D. Cal. Jan. 4, 1993) (where the movant has not made a sufficient proffer of specific complex issues to be resolved at the damages phase of the trial, bifurcation should not be granted on that basis), citing *THK*, 21 U.S.P.Q.2d 1705 (bifurcation refused because the arguments advanced were too general and not tailored to the specifics of the case.)

In *Real*, where plaintiff sought lost profits *and* a reasonable royalty, the court refused to bifurcate trial. *Real* 195 F.R.D. at 622-23. Although patent damages calculations "may involve some approximation, [they represent] the type of calculations juries are required to make on a daily basis in courtrooms across the country." *Id.* In another case cited by 3DS, the court held

that "[a]lthough both [lost profits and reasonable royalty damages] require the proof of numerous factors, the defendants have failed to show how the proof of damages in this particular case will be especially complex." *Home Elevators*, 933 F. Supp. at 1091 (bifurcation of trial and damages were denied).

Here, Desotech presently anticipates seeking damages based on a royalty rate calculation, "the type of calculations juries are required to make on a daily basis." *Real*, 195 F.R.D. at 622-23. Since the damages calculation will not be especially complex in this case, a separate trial of damages is not warranted.

> D. **The Technology and Liability Issues Are No More Complex Than The Average Patent Case and Desotech Is Likely To Prevail On Liability**

While patent actions can be more complex than other cases, 3DS still must show compelling reasons to bifurcate the trial of liability and damages. *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 2001 WL 699856 *1, *2 (S.D. Ind. May 31, 2001) (even though it was a "reasonably complex patent case" there was "no compelling reason to deviate from the usual practice."); *Brad Ragan, Inc. v. Shrader's Inc.*, 89 F.R.D. 548, 550 (D.C. Ohio 1981) (complex liability issues do not alone compel separation). Additionally, courts have held that any potential confusion in patent cases "can be remedied by good lawyering, cautionary warnings, limiting instructions, or special verdict forms." *Real*, 195 F.R.D. at 624-25.

The instant case is no more complicated than the patent litigation in *William Reber* and in that case, the court vacated its order to bifurcate. *William Reber*, 220 F.R.D. 533 vacated in part by *William Reber v. Sony*, 2004 WL 2535074 at *1. When the court vacated its order, six claims of two patents against at least fifteen different phones manufactured by Sony remained at issue in the case. *Id.* at *2. In both *William Reber* and the instant case, there are two patents, several patent claims, and several products at issue and the court vacated its earlier bifurcation order

11

because there were no extenuating circumstances sufficient to justify separate trials on damages and liability.

Desotech's patents are presumed valid. 35 U.S.C. § 282. Moreover, where there are multiple patents at issue, plaintiff's likelihood of success is higher and the balance of equities lies in favor of conducting a unified trial. *Kos Pharma., Inc. v. Barr Labs., Inc.*, 281 F.R.D. 387, 393 (S.D.NY. 2003) (five patents at issue, increased plaintiff's chances of success, and if plaintiff prevailed at trial, the burden of an entirely new round of pretrial proceedings and trial fall predominantly on plaintiff). At this early juncture, 3DS cannot claim that it is more likely to succeed than plaintiff; therefore, it cannot in good faith argue that judicial economy will be served by bifurcating trial of damages and liability. Indeed, if, as Desotech expects, 3DS is found to infringe, "judicial economy is not served by the need for two separate trials with two separate juries at remote times." *William Reber*, 220 F.R.D. at 538.

## III.  CONCLUSION

Bifurcation of discovery in this case will unnecessarily complicate the discovery process and prolong the ultimate conclusion of this case.  Bifurcation of trial only prejudices Desotech by increasing its expenses and delaying its day in court.  Bifurcation of discovery and trial lead to judicial inefficiency and an ever increasing load on this Court.  Therefore, for the reasons outlined above, Desotech respectfully requests that the Court deny 3DS's motion in its entirety.

Dated: September 9, 2008.

Respectfully submitted,

By:  /s/ Jeffrey B. Burgan
Bruce M. Gagala, Esq.
Jeffrey B. Burgan, Esq.
bgagala@leydig.com
jburgan@leydig.com
**LEYDIG, VOIT & MAYER, LTD.**
Two Prudential Plaza - Suite 4900
Chicago, IL  60601-6780
Telephone: (312) 616-5600
Facsimile:  (312) 616-5700

Andrew S. Marovitz
Britt M. Miller
Thomas V. Panoff
courtnotification@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Attorneys for DSM Desotech Inc.

**CERTIFICATE OF SERVICE**

       I, Jeffrey B. Burgan, an attorney for Plaintiff, hereby certify that on September 9, 2008, I caused a true and correct copy of the foregoing **DSM DESOTECH'S OPPOSITION TO DEFENDANTS' MOTION REQUESTING SEPARATE TRIALS OF PATENT LIABILITY AND PATENT DAMAGES ISSUES AND TO STAY DISCOVERY OF PATENT DAMAGES,** to be filed electronically and served electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. Parties served electronically:

Michael Sennett
Paula W. Render
Niloy Ray
**JONES DAY**
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Tel: (312) 782 3939
Fax: (312) 782 8585

Sidney David
Jonathan A. David
**LERNER DAVID LITTENBERG**
**KRUMHOLZ & MENTLIK, LLP**
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 654 5000
Fax: (908) 654 7866


Attorneys for Defendant 3D Systems Corp. and 3D Systems Inc.

 

      /s/ Jeffrey B. Burgan
Bruce M. Gagala, Esq.
Jeffrey B. Burgan, Esq.
bgagala@leydig.com
jburgan@leydig.com
**LEYDIG, VOIT & MAYER, LTD.**
Two Prudential Plaza - Suite 4900
Chicago, IL 60601-6780
Telephone: (312) 616-5600
Facsimile: (312) 616-5700