IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DSM DESOTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 cv 1531 |
| | ) | |
| 3D SYSTEMS CORPORATION, and | ) | Judge Sharon Johnson Coleman |
| 3D SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Plaintiff, DSM Desotech, Inc. ("Desotech"), does not dispute that at this stage of the proceedings defendants, 3D Systems Corporation and 3D Systems, Inc. (collectively "3D"), are the prevailing party.[1] As the prevailing party, 3D has filed a bill of costs seeking $190,677.18.[2] Desotech objects to the bill of costs [450] and requests that this Court reduce the taxable costs by $73,588.69 for a total of $117,088.49. For the reasons set forth herein, the Court grants in part and denies in part the bill of costs and awards $138,568.65 in costs to 3D.

Pursuant to *Federal Rule of Civil Procedure 54(d)(1)*, "costs other than attorneys' fees shall be allowed as a course to the prevailing party unless the court otherwise directs …." The prevailing party is thus entitled to costs unless the opposing party overcomes the presumption. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). Under 28 U.S.C. § 1920, the prevailing party may recovery the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6)

---

[1] Desotech has appealed the Court's judgment on Counts I-VII.
[2] 3D withdrew its claim for the cost of expedited delivery of expert transcripts.

compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. Courts use a two-step approach to determine whether to award costs. To be recoverable, costs must fall under one of the statutory categories of *section* 1920 and be both reasonable and necessary to the litigation. *Cefalu v. Village of Elk Village*, 211 F.3d 416, 427 (7th Cir. 2000). With these standards in mind, we examine the specific costs requested to which Desotech objects.

*1. Fees for Witnesses*

3D requests $12,032.99 in subsistence costs and witness fees. Desotech objects to the calculation of subsistence that exceeds the allotted $71 meal per diem. This Court sustains the objection to 3D's requested meal costs for witness and reduces the request by $110.79. http://www.gsa.gov/portal/content/103168 (setting forth the per diem allotments for lodging and meals).

Desotech also objects to 3D's request for subsistence costs for days witnesses spent in preparing witnesses for deposition and not just for attendance at the witness' deposition. 3D cites to the 28 U.S.C. § 1821(d)(1) in support of its request for subsistence for witness preparation prior to depositions. The statute refers only to attendance and not preparation. *See* 28 U.S.C. § 1821; *see generally Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (statutory construction begins with the statute itself). *Section 1821* states in relevant part: "Except as otherwise provided by law, a witness in attendance at any court of the United States… or before any person authorized to take his deposition… shall be paid the fees and allowances provided by this section…. A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. §

1821(a)(1), (d)(1).

Additionally, "[i]n ascertaining the plain meaning of [a] statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). Reviewing the other provisions of the statute supports the conclusion that fees are for attendance at court and at depositions. Each subsection of *section* 1821 refers specifically to "attendance"; for example, *section* 1821(b) states: "A witness shall be paid an attendance fee of $ 40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). 3D has not provided any authority to support a definition of attendance that includes preparation for a deposition. Moreover, the cases suggest that subsistence is allowed for time related to testimony and the necessary travel time to and from the place of court or taking of the deposition. *See Kenyon v. Automatic Instrument Co.*, 10 F.R.D. 248, 253 (D. Mich. 1950); *Linneman Constr., Inc. v. Montana-Dakota Utilities Co.*, 504 F.2d 1365, 1372 (8th Cir. 1974); *Mastrapas v. New York Life Ins. Co.*, 93 F.R.D. 401, 405 (E.D. Mich. 1982); *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 679 (D.C. Kan. 1994). In *Chamberlain Manufacturing Corp. v. Marmont Corp.*, Judge Castillo was also unable to find any authority to allow the prevailing party to recover for costs of deposition preparation. No. 92-C-0356, 1995 U.S. Dist. LEXIS 19305, *15 (N.D. Ill. Dec. 29, 1995). Therefore, this Court sustains Desotech's objection and deducts $2,251 from the bill of costs.

*2. Costs for Bates Stamping and Confidentiality Branding*

Desotech objects to $34,910.80 that 3D requests for costs associated with Bates labeling and "confidentiality branding," arguing that these costs do not fall under any statutory category

such as "fees for exemplification" and costs of "making copies of any materials." 28 U.S.C. § 1920(4). 3D asserts that both the Bates labeling and confidentiality branding were necessary to the litigation, and, in the confidentiality branding was required by protective order.

This Court will allow the costs for the Bates labeling but disallows the costs associated with the confidentiality branding. Courts in this district have allowed costs for Bates labeling as part of "making copies" particularly in complex litigation requiring a large amount of documents to be produced. *See U.S. ex rel. Yannacopoulos v. General Dynamics,* No. 03 C 3012, 2012 U.S. Dist. LEXIS 68071, *7 (N.D. Ill. May 15, 2012)(Gettleman, J.); *Nilssen v. Osram Sylvania, Inc.,* No. 01 C 3585, 2007 U.S. Dist. LEXIS 5792, *6 (N.D. Ill. Jan. 23, 2007)(Darrah, J.). However, the costs associated with confidentiality branding will not be allowed because those tasks are the kind of work conventionally performed by attorneys or paralegals, the costs of which are not recoverable under *section* 1920 and go beyond mere reproduction or exemplification. This conclusion is consistent with the analysis applied interpreting *section* 1920. *See Rawal v. United Air Lines, Inc.*, No. 07 C 5561, 2012 U.S. Dist. LEXIS 21880, * 8-9 (N.D. Ill. Feb. 22, 2012)(Feinerman, J.) (disallowing costs associated with electronically producing and processing email accounts and user-created files into a searchable format); *Race Tires America, Inc., et al. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 169-171 (3d Cir. 2012) (discussing what, if any, costs of electronic discovery are recoverable under *section* 1920). "Congress did not authorize taxation of charges necessarily incurred to discharge discovery obligations." *Race Tires America, Inc.,* 674 F.3d at 169. "Indeed, there is a 'presumption… that the responding party must bear the expense of complying with discovery requests.'" *Id.* at 170-171 (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 358 (1978). Therefore, this Court will deduct $17,455.40 from the bill of costs.

*3. Costs for Copying Deposition Exhibits and Summary Judgment Filings*

Desotech objects to 3D's request for reimbursement for four copies of deposition exhibits: one copy for the 3D attorneys taking the deposition, the witness, and at least two plaintiff's lawyers from two separate law firms. Desotech also objects to 3D's request for three copies of its summary judgment filings. *Section 1920(4)* provides for recovery of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Accordingly, costs for copies used "solely for attorney convenience" and not for "use in the case" are not recoverable. *Alexander v. CIT Tech. Fin. Services, Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990).

Desotech asserts that only one copy of deposition exhibits were necessarily obtained for use in the case and the remaining three were solely for the convenience of the attorneys and are therefore not taxable. Indeed, a review of 3D's argument in support of its request for four copies of the deposition exhibits shows that the copies were for the convenience of counsel, particularly Desotech's attorneys. (*See 3D Systems' Response in Opposition to DSM Desotech's Objections,* Dkt. No. 451, at 3-4.) This Court therefore reduces the number of allowable copies from four to two, finding them reasonable and necessary for use in the case. This Court will deduct $3,823.20 from the bill of costs.

Desotech asserts that 3D's copies of summary judgment filings are "categorically unrecoverable." However, this Court's standing order requires one copy as a courtesy to the court and the case law allows for two copies of court filings to be recovered under *section 1920(4)*. *Lewis v. City of Chicago,* No. 04 C 6050, 2012 U.S. Dist. LEXIS 182086, *32 (N.D. Ill. Dec. 21, 2012) (Castillo, J.); *Gutzwiller v. City of Chicago,* No. 03 C 7598, 2007 U.S. Dist.

LEXIS 57394, *2 (N.D. Ill. Aug. 3, 2007) (Anderson, J.). Prior to mandatory electronic filing, three copies were allowed. *Harkins v. Riverboat Servs., Inc.,* 286 F.Supp.2d 976, 982 (N.D. Ill. 2003). This Court will allow recovery for three copies of the summary judgment filings because of the difficulty 3D claims to have had with uploading the extensive briefing and exhibits associated with their motions for summary judgment. This Court finds that three copies are both recoverable and reasonable under the circumstances in this case.

*4. Deposition Transcript Costs*

3D requests a total of $89,913.92 for deposition transcript costs for 53 depositions. Desotech objects to 3D's request for costs for "rough draft" transcripts, for costs incurred for video synchronization, and for the increased cost of expedited delivery of the expert deposition transcripts.[3] 3D asserts that the "rough drafts" were necessary because depositions were scheduled close together and it sometimes needed the transcript from one to use at another. 3D further asserts that the video synchronization because it would assist the jury in understanding the technical matters discussed in the depositions. Desotech's objections to costs for "rough drafts" and for video synchronization are sustained.

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.1(b) provides for recovery of the transcript at a cost not to exceed "the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." The Local Rule further limits transcripts to the original plus "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed."

---

[3] 3D stated that it is willing to forgo the $637.64 cost for expedited delivery of the expert transcript.

3D does not cite any authority to support its claim for "rough draft" transcripts but argues that they were necessarily obtained for use in the case. The costs of additional services, beyond the regular transcription service, are not recoverable when incurred solely for the convenience of counsel. *Spatz v. Microtel Inns and Suites Franchising Inc.,* 2012 U.S. Dist. LEXIS 63112, * 18 (S.D. Fla. May 4, 2012); *Hunt Constr. Group, Inc. v. Allianz Global Risks U.S. Ins. Co.*, 2007 U.S. Dist. LEXIS 58454, *6 (S.D. Ind. Aug. 7, 2007). Generally, condensed transcripts, electronic copies, etc. are considered to be obtained for the convenience of counsel. See, e.g., *Engate, Inc. v. Esquire Deposition Servs. LLC*, 2006 U.S. Dist. LEXIS 25927, *4 (N.D. Ill. Mar. 13, 2006). "This is particularly true where the parties also obtained stenographic transcripts of depositions for which ASCII diskettes or videotapes were produced." *Id*. (citing *e.g.*, *Fait v. Hummel*, 2002 U.S. Dist. LEXIS 21012, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002); *EEOC v. Yellow Freight Sys., Inc.*, 1999 U.S. Dist. LEXIS 16442, No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999); *see also, Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). Here, 3D seeks to recover costs of "rough drafts" and "rough ASCII" copies in addition to the original and certified transcripts allowed by the local rule. This Court finds that these additional services were for the convenience of counsel and sustains Desotech's objection to awarding them as taxable costs. $24,251.89 will be deducted for "rough drafts."

3D requests $4,216.25 in video synchronization costs for certain depositions. Synchronization, which times the video to the lines of the transcript, enables the video to be cut according to designated lines of transcript and for the text of the testimony to be displayed when the video is displayed. *See Hynix Semiconductor Inc. v. Rambus Inc.,* 697 F.Supp.2d 1139, 1151 (N.D. Cal. 2010). 3D cites *Hynix Semiconductor Inc. v. Rambus Inc.* in support of its request for synchronization. 3D argues that synchronization would assist the jury in understanding technical

testimony. In *Hynix Semiconductor,* the California district court allowed the cost of video synchronization as a taxable cost under *section*1920. *Id*. There, the prevailing party claimed that synchronization was necessary because, without it, the defendant could not have cut the video in time to play it at trial. The defendant also argued that the text was necessary for the jury to understand the testimony because many of the witnesses were non-native English speakers and in some cases the sound quality was not good. *Id.* The California district court found support for awarding synchronization costs in their local rule that allowed for the cost of preparing videotapes, if such exhibits are reasonably necessary to assist the jury in understanding the issues at trial. *Id.* The situation here is different. Although 3D asserts that some of the testimony is technical and therefore having the text on screen may assist the jury in understanding the testimony, that is not true in the same way that needing the text to understand the actual words spoken. Put another way, subtitles definitely assist comprehension problems due to language difficulties of the deponents and poor sound quality, but technical comprehension is not necessarily helped by subtitles. Therefore, this Court finds that video synchronization costs are not taxable in this case.

**Conclusion**

For the reasons stated herein, this Court grants in part and denies in part 3D's Bill of Costs. DSM Desotech's objections are sustained in part and overruled in part. 3D is awarded $138,568.65 in costs pursuant to Rule 54(d).

IT IS SO ORDERED.

Date: June 20, 2013

Entered: _____
U.S. District Judge